*I. & J. Caldwell & Winston, for appellees.*

---

## S. O. FOWLER *v.* A. A. GORDON.

[Abstract Kentucky Law Reporter, Vol. 3—616.]

**Judgment Can Not Exceed Sum Asked For.**

　　Where, in a suit to recover the value of property and for damages, the jury find that such value and damages amount to $625 and the plaintiff's petition only asks for $600, the court may enter judgment for $600 only.

**Recovery of Personal Property.**

　　In an action to recover, personal property under the old action of detinue, the judgment would have been in the alternative for the property, if to be had, and if not, its value; and under the provisions of Gen. Stat. (1881), Ch. 38, Art. 6, § 1, "the plaintiff may, if he so elect, take a writ of fieri facias for the assessed value of the thing recovered; and in either case he shall have execution for the damages assessed for the detention, and his costs."

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

February 4, 1882.

OPINION BY JUDGE PRYOR:

In this case it was proper to require the jury to pass on the question of the alteration of the original contract of leasing. By the terms of the original lease the appellant was entitled to the furniture in the hotel or boarding-house on certain specified conditions, and the appellee claims that after its execution the contract of leasing was modified by which the appellant was to acquire no interest in the furniture, but the same belonged to the

appellee. The jury was therefore asked the question, Did the plaintiff and defendant, after the execution of the written lease, agree that Gordon should own the furniture at the end of the lease? They responded in the affirmative, and this settled the question as to the ownership of the property. Its value was fixed at $500 and the damages for the detention at $125. The value of the furniture and damages amounted to $625, and as the plaintiff had only asked a judgment for $600, the court had the right to enter a judgment for $600 and the plaintiff could claim no more. The remission afterwards of fifty dollars was an injury to the appellee and not the appellant, the proof authorizing the finding by the jury both as to the value and the damages.

The motion for a new trial was properly overruled. There is no reason why the witnesses for the plaintiff or their statements were not attacked prior to the rendition of the verdict. Every opportunity was afforded the appellant to prepare his case. He knew what these witnesses had sworn to on a former trial, and it would be a dangerous precedent to say that for the purposes of a new trial the unsuccessful party should be allowed to show that the witnesses for the plaintiff prior to the trial had made statements conflicting with the testimony made before the jury. There is no reason for awarding the new trial. This was an action to recover certain specific personal property, and under the old action of detinue the judgment would have been in the alternative for the property, if to be had, and if not, its value, etc. It is assigned for error in this court, that the judgment is for the value of the property and damages, without giving to the defendant the right of restoring the property. If the judgment had been rendered in the alternative the plaintiff could have elected to issue his fi. fa. for the value of the property and the damages. General Stat. (1881), Ch. 38, Art. 6, § 1: "The plaintiff may, if he so elect, take a writ of fieri facias for the assessed value of the thing recovered; and in either case he shall have execution for the damages assessed for the detention, and his costs."

The judgment below is therefore *affirmed*.

*E. E. McKay, Badger & English, for appellant.*

*M. Mundy, R. B. Hawkins, for appellee.*